BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:10-CR-00508-FCD |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING CRIMINAL |
| | ) | FORFEITURE OF PROPERTY IN |
| v. | ) | GOVERNMENT CUSTODY - 18 U.S.C. |
| | ) | § 983 (a)(3)(B)(ii)(II) |
| RAYMOND PADILLA, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

On or about January 7, 2010, Magistrate Judge Drozd issued a civil seizure warrant pursuant to 18 U.S.C. § 981(b) and 31 U.S.C. § 5317(c)(2) based on probable cause for the following funds in a bank account.  On that same day, agents of the Internal Revenue Service - Criminal Investigation ("IRS") seized the following asset ("the seized asset") for the purpose of initiating civil forfeiture proceedings:

1

a). Approximately $105,500.00 in U.S. Currency seized
from JP Morgan Chase personal money market account
number 4178013903, held in the name Veronica C.
Padilla.

In accordance with 18 U.S.C. § 983(a)(1), the IRS sent
notice to Veronica C. Padilla of its intent to forfeit the seized
asset in a non-judicial forfeiture proceeding, and caused that
notice to be published in a newspaper of general circulation.

On or about March 18, 2010, defendant Raymond Padilla, Jr.
filed a claim contesting the administrative forfeiture of the
seized asset pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90
days in which to 1) return the property to the defendant, 2)
commence a civil judicial forfeiture action, or 3) commence a
criminal forfeiture action by including the seized asset in a
criminal indictment.  The parties entered into several
stipulations and orders to extend the United States time to file
against this seized asset in *U.S. v. Approximately $105,500.00 in
U.S. Currency seized from JP Morgan Chase personal money market
account number 4178013903, held in the name Veronica C. Padilla*,
2:10-MC-00060-FCD-KJN.  The last Order filed on December 21,
2010, extended the filing deadline to February 25, 2011.  On
December 8, 2010, the Government elected the third option when it
filed an Indictment under seal containing a forfeiture allegation
concerning the seized asset.  That Indictment was unsealed on
February 14, 2011, and is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when
the government elects the third option, it must "take the steps
necessary to preserve its right to maintain custody of the

property as provided in the applicable criminal forfeiture
statute".  The applicable forfeiture statute in this case is 18
U.S.C. § 982.  Title 18 U.S.C. § 982(b)(1) incorporates the
forfeiture procedures set forth in 21 U.S.C. § 853.  That statute
prescribes several methods for preserving property for the
purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure
warrant.  However, in cases like this one, where the property in
question is already in Government custody, it is not appropriate
for a court to issue a seizure warrant directing the Government
to seize property from itself.  In turn, Section 853(e)
authorizes the court to issue a restraining order or an
injunction to preserve the property for forfeiture.  However,
that provision is not pertinent because there is no need to
enjoin the government from disposing of property that the
government has taken into its custody for the purpose of
forfeiture, and that the Government intends to preserve for that
purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take
any other action to preserve the availability of property"
subject to forfeiture.  The government contends that this
provision applies in circumstances where, as here, the government
has already obtained lawful custody of the seized asset pursuant
to a federal seizure warrant, and the government seeks to comply
with Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to
comply with Section 983(a)(3)(B)(ii)(II) is an order from this
Court stating that the United States and its agencies, including
IRS, may continue to maintain custody of the seized asset until

1    the criminal case is concluded.

2         Accordingly, pursuant to Section 853(e)(1), the United

3    States respectfully moves this court to issue an order directing

4    that the United States may maintain custody of the seized asset

5    through the conclusion of the pending criminal case, and stating

6    that such order satisfies the requirements of 18 U.S.C.

7    § 983(a)(3)(B)(ii)(II).

8    DATED: _3/4/11____              BENJAMIN B. WAGNER
                                     United States Attorney
9

10

11                             By:  /s/ Jean M. Hobler_____
                                    JEAN M. HOBLER
12                                  Assistant U.S. Attorney

13

14                                **ORDER**

15        This matter comes before the Court on the motion of the

16   United States for an Order authorizing the government and its

17   agencies to maintain custody of certain property pending the

18   conclusion of the pending criminal case.  For the reasons

19   provided in the government's motion, the Court makes the

20   following orders:

21        IT IS HEREBY ORDERED, that the United States and its

22   agencies, including the IRS, are authorized to maintain and

23   preserve the following asset until the conclusion of the instant

24   criminal case, or pending further Order of this Court:

25   ///

26   ///

27   ///

28   ///

                                  4

1       a).  Approximately $105,500.00 in U.S. Currency seized from
2           JP Morgan Chase personal money market account number
             4178013903, held in the name Veronica C. Padilla.

3    IT IS SO ORDERED.

4 DATED: March 7, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

Application for Order Regarding
Criminal Forfeiture of Property